I concur in the judgment of affirmance on the basis of the speedy trial issue. It is my view that when a criminal case is dismissed and an appeal taken by the state, and then there is a remand by the Court of Appeals, where there has not been a trial, guilty plea, or a no contest plea, the case must be tried, after the reversal and remand by the Court of Appeals, within the relevant time prescribed by R. C. 2945.71.
In addition, I must note that the defendant was arrested on February 3, 1977, and a motion to suppress physical evidence was granted by the trial court on February 23, 1977. An appeal was not taken from the granting of the motion to suppress, but a nolle prosequi was entered to the February 3rd charge and then the same charge was reinstituted.
It is difficult to comprehend why this defendant was recharged in the same case when the motion to suppress was granted and no appeal was taken. On any new charge for the same offense, the evidence that was suppressed could not be admitted.
 *Page 1